**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000504
28-DEC-2015
08:56 AM**

NO. CAAP-14-0000504

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JERRY HALVORSEN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KA'Ū DIVISION
(CASE NO. 3P8110000164)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Jerry Halvorsen[1] appeals from the Notice of Entry of Judgment and/or Order, which was filed on January 31, 2014 in the District Court of the Third Circuit, Ka'ū Division ("District Court").[2] After a bench trial, the District Court convicted Halvorsen of one count of Criminal Property Damage in the Fourth Degree, in violation of Hawaii Revised Statutes ("HRS") § 708-823.[3] On appeal, Halvorsen argues that

---

[1]     Halvorsen is spelled "Halvorson" in various documents, including the Notice of Entry of Judgment and/or Order. At trial, however, he testified that his name is spelled "Halvorsen."

[2]     The Honorable Andrew P. Wilson presided.

[3]     HRS § 708-823(1) (Supp. 2010) provides, in relevant part: "A person commits the offense of criminal property damage in the fourth degree if by means other than fire, the person intentionally or knowingly damages the property of another without the other's consent."

Plaintiff-Appellee State of Hawaiʻi adduced insufficient evidence that he perpetrated the offense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, we resolve Halvorsen's points of error as follows, and affirm:

Viewed in the light most favorable to the State, *see State v. Ildefonso*, 72 Haw. 573, 576, 827 P.2d 648, 651 (1992), there was substantial evidence that Halvorsen committed Criminal Property Damage in the Fourth Degree. At trial, Pamela Miller, a security guard at Ocean View Town Center ("Ocean View"), testified that early in the morning on June 5, 2011, she saw Halvorsen, who she had seen before at Ocean View, and who she knew as "the cement pump man," defacing a business sign with spray paint. Miller testified that she called out to Halvorsen, asked him what he was doing, and approached him in her vehicle when he did not stop. According to Miller, she was approximately five feet away from Halversen and close enough to identify him. Halvorsen told Miller to "mind [her] own business" and continued painting the sign. When he was finished, he got onto his white moped and drove away.[4] The business owner testified that she did not give Halvorsen permission to spray-paint the sign.

Based largely on its finding that Miller was more credible than Halvorsen and his girlfriend, the District Court concluded that Halvorsen perpetrated the offense, thereby implying that it disbelieved Halvorsen's alibi. This court declines to pass upon the district court's credibility determinations. *In re Doe*, 107 Hawaiʻi 12, 19, 108 P.3d 966, 973 (2005) ("The appellate courts will give due deference to the right of the trier of fact 'to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced.'" (quoting *State v. Lubong*, 77 Hawaiʻi 429, 432, 886 P.2d 766, 769 (App. 1994))).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, filed on January 31, 2014 in the

_____

[4]     Halvorsen admits that his friend and caretaker, Judith Bond, owned one red and one white scooter and that he had access to those scooters.

District Court of the Third Circuit, Kaʻū Division, is affirmed.

DATED:   Honolulu, Hawaiʻi, December 28, 2015.

On the briefs:

Seth Patek,
Deputy Public Defender,
for Defendant-Appellant.

Jason R. Kwiat,
Deputy Prosecuting Attorney,
County of Hawaiʻi.
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge